FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 25 2012

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JENNIE LEE STONER                                                      PLAINTIFF

v.                                           CASE NO.: 2:12 cv 73 BRW

FARM BUREAU MUTUAL INSURANCE
COMPANY OF ARKANSAS, INC. and
SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY                                                      DEFENDANTS

## COMPLAINT

Plaintiff, Jennie Lee Stoner, by and through her attorneys, Banks Law Firm, PLLC, and for her Complaint against Defendants, Farm Bureau Mutual Insurance Company of Arkansas, Inc. and Southern Farm Bureau Casualty Insurance Company, states as follows:

This case assigned to District Judge Wilson
and to Magistrate Judge Young

### STATEMENT OF JURISDICTION AND VENUE

1. Plaintiff Jennie Lee Stoner is a resident of Phillips County, Arkansas. Plaintiff is the owner of real property which is the subject of this lawsuit located in Phillips County, Arkansas.

2. Defendants Arkansas Farm Bureau Insurance Company of Arkansas, Inc. and Southern Farm Bureau Casualty Insurance Company are insurance companies authorized to do business in the state of Arkansas.

3. The plaintiff seeks money damages against defendants for breach of contract and bad faith relating to a contract for flood insurance. Therefore, this Court has original and exclusive jurisdiction of this matter pursuant to 42 U.S.C. § 4053.

4. Plaintiff further seeks a declaration of rights and relations of the parties pursuant to a policy of flood insurance issued by defendants on real property located in

the Eastern District of Arkansas, Eastern Division. Accordingly, jurisdiction and venue in this Court are proper pursuant to 42 U.S.C. § 4053.

## STATEMENT OF FACTS

5. In 1968, Congress created the National Flood Insurance Program ("NFIP") in order to, among other things, limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood damage among many private insurers and the federal government, and make flood insurance available on reasonable terms and conditions to those in need of it. See 42 U.S.C. § 4001(a).

6. Congress provided flood insurance coverage for those in flood prone areas who would otherwise be unable to obtain insurance, and the program is currently operated by the Federal Emergency Management Agency ("FEMA").

7. In 1983, FEMA, pursuant to its regulatory authority, 42 U.S.C. § 4081(a), created the Write Your Own ("WYO") program, which authorizes private insurance companies like defendants to issue flood insurance policies to qualified companies and individuals. 44 C.F.R. § 62.23.

8. FEMA fixes the terms and conditions of the flood insurance policies, which, barring the express written consent of the Federal Insurance Administrator, must be issued without alteration as a Standard Flood Insurance Policy ("SFIP").

9. The WYO company is required to disburse claims and to defend against claims, although FEMA reimburses the WYO company for both the costs of paying insured's claims and defending against disputed claims. While WYO companies are fiscal agents of the United States, they are not general agents of the federal government. FEMA ultimately bears the risk under the NFIP.

10. Should a dispute arise between an insured and a WYO company regarding the payment of a claim on a policy of flood insurance, 42 U.S.C. § 4053 creates exclusive jurisdiction to hear and determine such action in federal district court where the insured property is located.

11. As part of its regulatory duties and with the cooperation of local communities, FEMA prepares Flood Hazard Boundary Maps or Flood Insurance Rate Maps. Using these maps, FEMA identifies areas which are prone to high flood risks which are called Special Flood Hazard Areas ("SFHA").

12. Pursuant to section 102(b) of the Flood Disaster Protection Act of 1973 ("FDPA"), the purchase of flood insurance is mandatory on all property located in an SFHA when a mortgage is obtained from a federally regulated lender.

13. Pursuant to section 579 of the National Flood Insurance Reform Act of 1994 ("NFIRA"), there is a thirty (30) day waiting period before coverage under a new contract for flood insurance or any modification to coverage under an existing flood insurance contract becomes effective, with two exceptions.

14. In response to NFIRA, FEMA quickly adopted new regulations clarifying that the thirty (30) day mandatory waiting period does not apply to "the initial purchase of flood insurance in connection with the making, increasing, extension, or renewal of a loan." See FEMA Policy Issuance 8-95.

15. At all times relevant herein, the plaintiff owned a home located at 3275 Phillips 361 Road, Lexa, Arkansas which is in an area classified by FEMA as an SFHA. The property is located several miles from the White River. The legal description of said property is: Northeast Quarter (NE ¼) of Section Twelve (12) North half (N ½) of the

Southeast Quarter (SE ¼) of Section Twelve (12) all in Township Three (3) South, Range Two 2 (2) East of the Fifth Principal Meridian, Phillips County, Arkansas. 78.92 acres with 2,277 square foot home.

16. In the first few days of May, 2011, plaintiff began the process of obtaining a loan on her property from Helena National Bank in Helena, Arkansas. Per the mandatory flood insurance requirements of the FDPA, plaintiff sought the assistance of her local Farm Bureau insurance agent in Helena, Arkansas.

17. On or about May 6, 2011, plaintiff submitted an application for flood insurance to defendants through his Farm Bureau agent along with a premium payment in the amount of $961.

18. On or about May 6, 2011, defendants issued policy number FL02015164 with an effective date of May 6, 2011. The thirty (30) day waiting period was waived because the policy was a mortgage requirement per FEMA regulation.

19. At the time plaintiff submitted his application for flood insurance and premium payments to defendants, his property was not flooded. In fact, plaintiff is a long time resident of this property and to her knowledge the property had never flooded prior to her submission of the flood insurance application and premiums.

20. As of the effective date of the flood insurance policy, there was no water on plaintiff's property and neither plaintiff nor defendant knew whether her property would experience flooding. However, on or about May 14, 2011, plaintiff's property did experience flooding causing substantial damage to the property.

21. After her property flooded, plaintiff informed her Farm Bureau insurance agent and a claim was submitted to defendants.

22. After plaintiff submitted her claim, an insurance adjuster viewed plaintiff's property to assess the damages. Plaintiff believed defendants intended to pay her claim pursuant to her flood insurance policy.

23. However, on or about June 3, 2011, defendants sent a letter to plaintiff stating that they were denying her claim. The basis for said denial, according to defendants, was that policy was issued within 30 days of a loss in progress.

24. Despite receiving the denial letter on June 3, 2011 from defendants, on June 10, 2011, plaintiff received a letter from FEMA with a check for $30,200. However, this amount was insufficient to cover even one third of the damage to plaintiff's property.

25. Pursuant to the terms of the policy, plaintiff appealed defendants' denial decision to FEMA. On September 9, 2011, FEMA rendered an opinion again denying coverage. FEMA cited as the reason for denial a June 20, 2011 FEMA bulletin which apparently retroactively declared a flood in progress in Phillips County, Arkansas on April 26, 2011. FEMA made this declaration two months after the fact.

## COUNT I - BREACH OF CONTRACT

26. The plaintiff re-alleges and incorporates by reference paragraphs 1 thru 25 above.

27. Both policies of insurance between plaintiff and defendants which were issued on plaintiff's property formed a contract by and between the parties.

28. Pursuant to the terms of the contract, when the plaintiff suffered loss in the form of flood damage to her home and personal property, defendants agreed to indemnify such loss and pay for damages and repairs in return for the payment of plaintiff's premiums.

29. By failing and refusing to cover the loss and to pay for the referenced flood damages and repairs, defendants are in breach of the contract between the parties.

30. As a direct result of the failure of defendants to perform its duties under the contract, the plaintiff has suffered damages in an amount excess of the flood policy limits and has incurred costs and attorneys fees in connection with the material breaches by defendants.

## COUNT II – DECLARATORY JUDGMENT

31. The plaintiff re-alleges and incorporates by reference paragraphs 1 thru 30 above.

32. Plaintiff is an "interested party" pursuant to 28 U.S.C. § 2201(a), and has the right to bring this action, pursuant to Federal Rule of Civil Procedure 57, to obtain a determination and declaration of the applicability and validity of the contract of insurance issued by defendants in this case.

33. At the time of the damages suffered herein, a policy of insurance issued to plaintiff was in full force and effect and was provided and accepted as proof of financial responsibility for the future.

34. Plaintiff has made inquiry and claim against defendants pursuant to the policy of insurance that was in force and effect on May 15, 2011, but defendants have not covered said losses and have not provided adequate reasons, rationale, or explanation for same.

35. Plaintiff seeks a declaration from this Court requiring that coverage was in effect and applicable on the date the referenced loss was suffered, and an order requiring defendants to cover plaintiff's losses.

## COUNT III – BAD FAITH

36. The Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 35 above.

37. As part and parcel of their handling of plaintiff's claim, defendants have engaged in affirmative misconduct that was dishonest, malicious, and oppressive.

38. Defendants have failed to either pay or denied plaintiff's claims, refused to pay claims despite the same being adequately and properly documented, and further acted in such an oppressive manner that harmed plaintiff that the tort of bad faith will lie.

## JURY DEMAND

39. The plaintiff respectfully requests a trial by jury.

## PRAYER FOR RELIEF

40. The plaintiff is entitled to recover for the following elements of compensatory damage:

   (a) the replacement costs of the home and all buildings and structures;

   (b) the replacement costs of all of plaintiff's personal possessions damaged by the flood;

   (c) the loss of use of her property;

   (d) debris removal;

   (e) emergency repairs; and

   (f) any and all other losses suffered as a result to flood damage to plaintiff's property.

41. The plaintiff is entitled to a declaration from this Court requiring that coverage was in effect and applicable on the date the referenced loss was

suffered, and an order requiring defendants to cover plaintiff's loss, including costs and attorney's fees.

42. The plaintiff is entitled to punitive damages in an amount to be determined at trial for bad faith.

43. The plaintiff is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 2412.

WHEREFORE, the Plaintiff, respectfully requests that she be granted the relief sought herein, for her attorney's fees and costs, and for all other just and proper relief to which she may be entitled.

Respectfully submitted,

JENNIE LEE STONER,
Plaintiff

BANKS LAW FIRM, PLLC
100 Morgan Keegan Drive, Suite 100
Little Rock, AR 72202
(501) 280-0100
(501) 280-0166

By: _____
Charles A. Banks (73004)
cbanks@bankslawfirm.us
Robert W. Francis (2007032)
rfrancis@bankslawfirm.us